NO. 07-00-0545-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

NOVEMBER 14, 2001

_____

IN THE INTEREST OF L.L. AND T.Y., MINOR CHILDREN

_____

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 97-559,790; HONORABLE JIM BOB DARNELL, JUDGE

_____

Before QUINN and REAVIS and JOHNSON, JJ.

It being brought to the Court's attention that a reference in our opinion dated October 23, 2001, to the clerk's record was inaccurate, although not material to our disposition of the appeal, we withdraw our original opinion and, in lieu thereof, issue the following opinion. Our judgment of October 23, 2001 is unaffected.

Appellant Twila Young challenges the trial court's judgment signed September 8, 2000, following a jury trial, terminating her parental rights as to her daughters L.L. and T.Y. and appointing the Texas Department of Protective and Regulatory Services (TDPRS)

permanent managing conservator of the children.[1] Presenting two issues, Young contends that reversal is required because the trial court had no authority to render the order, and because the order is a nullity under the provisions of the one final judgment rule. Based on the rationale expressed herein, we reverse and remand.

Young does not challenge the sufficiency of the evidence to support the jury's findings. Thus, only the facts relevant for disposition of this appeal will be presented. On January 23, 1998, TDPRS filed its petition to terminate the parent-child relationship between Young and her four children, to wit: two minor sons, J.Y. and D.Y., and two minor daughters, L.L. and T.Y. On May 14, 1998, the trial court conducted its first hearing, and on April 6, 2000, the court signed an order entitled Permanency Hearing Order which, among other things, determined that pursuant to section 263.306(11) of the Texas Family Code, the dismissal date of the cause shall be May 14, 2000. Although the case was set for trial on April 14, 2000, on that day, Young's counsel filed a motion for continuance and by order signed May 9, 2000, the case was reset for trial on May 12, 2000. Then, an agreement pursuant to Rule 11 of the Texas Rules of Civil Procedure signed by counsel for TDPRS, attorney and guardian ad litem for the children, CASA, and counsel for Young was filed on May 11, 2000, which in summary, provided:

- TDPRS was appointed temporary managing conservator of the four children on May 13, 1997;

---

[1]At the time the judgment was signed the trial court did not have the benefit of our decision in In Re T.M., 33 S.W.3d 341 (Tex.App.--Amarillo 2000, no pet.).

2

- the statutory dismissal date under section 263.401(a) is May 15, 2000;

- the trial setting does not allow sufficient time for the petitioner or Young to prepare adequately for trial. The best interest of the children would be better served by allowing adequate time for trial preparation; agree that new dismissal date be set as September 15, 2000; and

- waived any objection to suit being continued; waived any right to file a motion or seek appellate remedy for failure to comply with section 263.401(a).

The trial court heard the case as to the biological fathers of the four children on May 12, 2000, and signed an order entitled Interlocutory Decree of Termination of the paternal rights of the biological fathers of all four children on July 19, 2000. By order signed July 28, 2000, the case was set for jury trial for September 5, 2000.

On September 6, 2000, the trial court signed an order entitled Agreed Final Order In Suit Affecting the Parent-Child Relationship, signed by Young and her counsel and others, which appointed TDPRS permanent managing conservator of Young's two sons. Then following a jury trial as to termination of parental rights to the two daughters only, on September 8, 2000, the trial court signed a second order entitled Order of Termination terminating Young's parental rights to L.L and T.Y. and appointing TDPRS permanent managing conservator of both girls. Young's notice of appeal is directed to the order of September 8, 2000, covering the girls and her brief does not present any issues regarding the boys.

3

By her first issues, Young contends the termination order must be reversed because the trial court rendered the order beyond the time allowed by section 263.401 of the Texas Family Code. We agree. By sections 102.003(6) and 101.002 of the Family Code, the Legislature granted TDPRS standing to prosecute actions to terminate parental rights of minor children. In proceedings where TDPRS is prosecuting an action to terminate parental rights the Legislature also mandated that a final order must be entered concerning the child no later than one year after the department becomes the temporary managing conservator of a child or the suit must be dismissed. In Re Neal, 4 S.W.3d 443, 445 (Tex.App.--Houston [1st Dist.] 1999, no pet.). Section 263.401(a) in part provides:

> the court *shall dismiss* the suit affecting the parent-child relationship filed by the department . . . .

(Emphasis added). However, the Legislature did not condition the dismissal upon a motion to dismiss or defer dismissal based upon an agreement of the parties, a finding of good cause, or the like. By this Court's opinion published after the rendition of the order presently under review, we held that a Rule 11 agreement similar to the agreement presented here did not afford grounds to override the statutory requirement for dismissal of the proceeding on grounds of public policy. In Re T.M., 33 S.W.3d 341, 347 (Tex.App.--Amarillo 2000, no pet.).

TDPRS argues that because Young did not raise the issue in the trial court, it is not preserved for appellate review. *See* Tex. R. App. P. 33(a)(1). Here, however, the issue

4

implicates the statutory duty of the trial court to dismiss an action and is not concerned with errors in the course of the proceeding attributable to appellee but not brought to the attention of the trial court by appellant. TDPRS's standing to prosecute the action to terminate parental rights is a creature of the Legislature and the Legislature has the power to impose time limitations similar to the requirement of section 263.401. It is not the duty of the courts to judge the wisdom of the policy choice of the Legislature or to impose a different policy. *See* Edgewood Independent Sch. Dist. v. Meno, 917 S.W.2d 717, 726 (Tex. 1995). Under the doctrine of separation of powers among the executive, legislative, and judicial branches of state government, Texas courts do not dictate to the Legislature how it should discharge its duty. *Id*. The term "shall dismiss" without any qualifications or exceptions imposed a mandatory duty on the trial court to dismiss the proceeding, and the Legislature did not provide for the exercise of any judicial discretion. Schepps v. Presbyterian Hosp. of Dallas, 652 S.W.2d 934, 938 (Tex. 1983). Because we are required to afford meaning to every word in a statute, Chevron Corp. v. Redmon, 745 S.W.2d 314, 316 (Tex. 1987), and cannot ignore the limitation imposed by the Legislature, acceptance of TDPRS's position would constitute an unwarranted judicial disregard for and avoidance of a clear legislative mandate, which we cannot do. Young's first issue is sustained. Our sustention of issue one pretermits our consideration of issue two. Tex. R. App. P. 47.1.

Accordingly, the judgment of the trial court is reversed and the cause remanded with instructions to dismiss the action as to L.L. and T.Y. in accordance with section 263.401(a) of the Texas Family Code.


Don H. Reavis
Justice


Publish.