NO. 07-02-0274-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

JANUARY 17, 2003

_____

IN THE INTEREST OF L.J.S.

_____

FROM THE 72ND DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2001-513,802; HON. BLAIR CHERRY, JR., PRESIDING

_____

Before JOHNSON, C.J., QUINN, J. and BOYD, S.J.[1]

Roy and Janis Simmons (the Simmons) appeal from an order terminating their parental rights to L.J.S. Via one issue, they assert that the trial court was required to dismiss the second petition for termination because it failed to allege new facts that were not alleged in the first petition for termination. We affirm.

## *Background*

On November 10, 1999, the Texas Department of Protective and Regulatory Services (TDPRS) removed L.J.S., a child, from the Simmons' home. Upon removal, L.J.S. was placed in an emergency shelter and on November 12, 1999, the TDPRS filed its Original Petition for Protection of Child, for Conservatorship and for Termination in cause number 92-539,677 in the 72nd District Court of Lubbock County (the first suit). By

---

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. TEX. GOVT. CODE ANN. §75.002(a)(1) (Vernon Supp. 2002).

its suit, the TDPRS sought to terminate the parent-child relationship between Simmons and L.J.S.

The TDPRS was appointed temporary managing conservator of L.J.S. Pursuant to the Texas Family Code, if there was no final judgment, the dismissal date for the first suit was November 13, 2000. See TEX. FAM. CODE ANN. §263.401. However, the dismissal date was extended to May 9, 2001, as permitted by statute. *Id*. at §263.401(b). On May 3, 2001, a hearing on the TDPRS' termination petition commenced. However, it was continued due to the fact that one of the parties' attorney had an emergency requiring him to leave the trial. On May 6, 2001, the TDPRS filed a motion for non-suit. The trial court signed an order granting the non-suit without prejudice on May 7, 2001. On the same day, the trial court also signed an Order for Protection of a Child in an Emergency and Notice of Hearing in cause number 2001-513,802 in the 72nd District Court (the second suit). The trial court appointed the TDPRS as temporary managing conservator of L.J.S. Following a full adversary hearing in the second suit, a family relative was appointed temporary managing conservator of L.J.S. The dismissal date for the second suit was extended, and a termination hearing was set for June 24, 2002. A pre-trial motion was filed requesting the trial court to dismiss the suit because the second suit failed to allege any new facts from the first suit. The motion was overruled and the hearing proceeded. Following the hearing, the parent-child relationship between the Simmons and L.J.S. was terminated.

### *Analysis*

Assuming *arguendo* that the TDPRS may be free to non-suit and reinitiate proceedings, they cannot do so in a manner that violates statute or public policy. The public policy here involved is encapsulated in §263.401(a) of the Texas Family Code. TEX.

2

FAM. CODE ANN. §263.401(a) (Vernon 2002). That statute exists to facilitate permanence and stability in the lives of children subjected to TDPRS involvement by limiting the time within which the TDPRS can prosecute actions to terminate parental rights or have it designated conservator. *See In re T.M.*, 33 S.W.3d 341, 346 (Tex. App.–Amarillo 2000, no pet.). And, that time is 12 months with, generally, no more than an extension of 180 days. TEX. FAM. CODE ANN. §263.401(a) & (b); *In re T.M.*, 33 S.W.3d at 346.

Now, to allow the statutory time period to be exceeded through legal maneuvering of the TDPRS or any other party would undoubtedly run afoul of the public policy underlying the provision. Indeed, the time limit must be heeded despite the desires and machinations of the parties, *In re T.M.*, 33 S.W.3d at 346-47, and, we are not free to disregard or avoid the limitation. *In re L.L.*, 65 S.W.3d 194, 197 (Tex. App.–Amarillo 2001, no pet.). And, it is for this reason that the Simmons believe the trial court erred in refusing to dismiss the second suit initiated by the TDPRS shortly after non-suiting the first. Indeed, one can only wonder about the effect wrought upon the public policy underlying §263.401 if the TDPRS is free to non-suit on the eve of the §263.401 deadline and then re-file a like suit immediately thereafter. That surely is not an effort to bring stability to the lives of children. Nor does it resolve the suit in a timely manner as contemplated by the legislature.

Nevertheless, we need not address whether the acts of the TDPRS constitute some machination to thwart legislative edict. This is so because authority clearly allows it to reinitiate the proceeding if new facts are alleged justifying relief on the same grounds averred in the first action. *In re T.M.*, 33 S.W.3d at 347; *In re Ruiz*, 16 S.W.3d 921, 927 (Tex. App.–Waco 2000, no pet.). Here, the TDPRS purported to aver such new facts in its second suit, as evinced by the affidavit accompanying the petition. Additionally, those

3

new facts purportedly arose after the first suit was filed (though some involved a continuation of the conduct precipitating the first suit) and allegedly justified termination of the parental rights of the Simmons. More importantly, neither of the Simmons tendered argument or supporting authority in their appellate brief addressing *all* of these new facts and explaining why *none* of them were truly new or why *none* independently warranted the relief sought by the TDPRS in the second suit. Nor did they discuss the evidence presented at the trial of the second action. Instead, the Simmons discussed the background of this case, mentioned evidence presented to the associate judge at the hearing to determine whether the child should be temporarily removed, mentioned legal authority interpreting §263.401 and the need to dismiss when the pertinent time limitation is exceeded, and then opined that dismissal was appropriate because the second suit "involved the same child, and . . . the [TDPRS] sought the same relief." Yet, whether the same parties are involved or relief sought is not determinative. Again, we and other courts have recognized that a second suit can be initiated if new facts exist. And, if another suit to terminate is filed, it is rather certain that the same parties and relief will be involved.

In short, 1) the TDPRS purported to allege new facts warranting termination and 2) the Simmons did not establish on appeal that the facts presented at the trial of the second suit and upon which the judgment at bar was founded were none other than those underlying the first suit. So, we cannot conclude that the TDPRS failed to allege and prove new facts as contemplated by *In re T.M.* and *In re Ruiz* and that the trial court should have dismissed the second suit. The judgment of the trial court is affirmed.

                                        Brian Quinn
Johnson, C.J., concurs.                 Justice

4

NO. 07-02-0274-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

JANUARY 17, 2003

_____

IN THE INTEREST OF L.J.S.
_____

FROM THE 72ND DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2001-513,802; HONORABLE BLAIR CHERRY, JR., JUDGE

_____

Before JOHNSON, C.J., QUINN, J. and BOYD, S.J.[2]

CONCURRING OPINION

At the beginning of the termination hearing in June, 2002, Roy Simmons moved to dismiss the second suit on the basis that the TDPRS alleged no new facts when it filed the second suit and that at the time the suit was filed on May 8, 2001, it was "the same case it has always been . . . there were no new grounds to justify removal at the time the Petition was filed, and this case should be dismissed because there wasn't [sic] grounds to continue it at that time."

_____

[2]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.

The relevant provisions of Section 263.401 provide that

> (a)  Unless the court has rendered a final order or granted an extension under Subsection (b), on the first Monday after the first anniversary of the date the court rendered a temporary order appointing the department as temporary managing conservator, the court shall dismiss the suit affecting the parent-child relationship filed by the department that requests termination of the parent-child relationship or requests that the department be named conservator of the child.
>
> .  .  .  .  .
>
> (c) If the court grants an extension, the court shall render a final order or dismiss the suit on or before the date specified in the extension order and may not grant an additional extension.

In construing a statute, we first look at the statute's plain and common meaning, and we presume that the Legislature intended the plain meaning of its words.  See National Liab. and Fire Ins. Co. v. Allen, 15 S.W.3d 525, 527 (Tex. 2000); Liberty Mut. Ins. Co. v. Garrison Contractors, Inc., 966 S.W.2d 482, 484 (Tex. 1998).  If possible, we must ascertain the Legislature's intent from the language it used in the statute and not look to extraneous matters for an intent the statute does not state.  See Helena Chem. Co. v. Wilkins, 47 S.W.3d 486, 493 (Tex. 2001); Allen, 15 S.W.3d at 527.

The language of Sections 263.401(a) and (c), which is the relevant language in this matter, does not negate the general grant of authority extended to TDPRS to file an original suit affecting the parent-child relationship.  See Section 102.003(a)(5),(6); In re L.L., 65 S.W.3d 194, 196 (Tex.App.--Amarillo 2001, no pet.) (standing of TDPRS to bring or maintain suit for protection of a child or to terminate parental rights is prescribed by the Legislature); In re T.M., 33 S.W.3d 341, 347 n.5 (Tex.App.--Amarillo, 2000, no pet.) (in creating the suit contemplated by Section 263.401 the Legislature had the authority to

determine its parameters). Nor does the plain language of Section 263.401 preclude the TDPRS from dismissing a suit without prejudice.

The Legislature has set out detailed standards and procedures for suits involving protection of children and families. See, e.g., Family Code Chapters 262 and 263. If the collective will of the Legislature had been to preclude the TDPRS from dismissing and then re-filing suit as was done in this instance, it could have easily so provided. For example, among the many choices which the Legislature could have made in limiting the general authority of the TDPRS to dismiss and file suits, it could have provided in Section 263.401 that (1) the trial court shall dismiss the suit with prejudice; or (2) the suit and any other suit based on the same facts and grounds shall be dismissed; or (3) following dismissal of a first suit, no subsequent suit could be filed or maintained absent allegations of facts which support removal of the child, and which facts occurred after filing [or dismissal of, or the adversary hearing in] the first suit. The Legislature did not do so. Compare, e.g., TEX. REV. CIV. STAT. ANN. art. 4590i § 13.01(e)(3) (Vernon Supp. 2003) (health care liability action to be dismissed "with prejudice to the claim's refiling" if claimant does not either timely file expert report or voluntarily non-suit the action).

In determining that TDPRS' second suit did not have to be dismissed because new facts were alleged in the second suit, the majority opinion references language of In re T.M., 33 S.W.3d at 347 and In re Ruiz, 16 S.W.3d 921, 927 (Tex. App.--Waco 2000, no pet.). However, the Simmons are not complaining that TDPRS improperly maintained possession of L.J.S. via the emergency order signed on May 7th. Nor do they urge that TDPRS' possession of L.J.S. throughout the proceedings was improper because TDPRS'

possession of L.J.S. was based on the same facts and grounds as the first suit. See In re T.M., 33 S.W.3d at 347; In re Ruiz, 16 S.W.3d at 927.

Section 263.401 does not require trial courts to determine that a subsequent suit is based on "new facts" of some timing and character, or to otherwise dismiss the suit. Regardless of whether new facts were pled and regardless of the nature of any new facts pled, the plain language of Section 263.401 neither precluded TDPRS from filing the second suit seeking to terminate the Simmons' parent-child relationship with L.J.S., nor mandated dismissal of the second suit. Thus, I concur in the result reached by the majority.

Phil Johnson<br>
Chief Justice