NO. 07-04-00267-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JANUARY 13, 2005

_____

IN THE INTEREST OF L.W.B., II, A CHILD

_____

FROM THE 72ND DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2003-520,737; HONORABLE KEVIN C. HART, JUDGE

_____

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Appellants Louis Larry Baldwin and Mary Yvonne Baldwin challenge the trial court's judgment terminating their parental rights to their son, L.W.B., II and appointing the Department of Family and Protective Services permanent managing conservator of the child. Presenting a sole issue, the Baldwins contend reversal is required because the trial court had a statutory duty to dismiss the petition to terminate the parent-child relationship in cause number 2003-520,737 after the Department's petition for termination was

dismissed in cause number 2001-514,702. The Department questions whether (1) the trial court can consider facts that occurred prior to the adversary hearing in the first case when it requests emergency relief in a second case, and (2) facts that occurred after the first adversary hearing existed to support the trial court's order granting emergency relief in the second case. We affirm.

On July 30, 2001, the Department filed an original petition for protection of a child, conservatorship, and termination of the parent-child relationship. Before rendition of a final judgment, on January 27, 2003, the Department filed a notice of non-suit without prejudice and on that same date, the trial court signed an order dismissing the case without prejudice to the refiling of the non-suited claims. Also on January 27, the Department filed a second original petition for protection of a child, for conservatorship, and for termination of the parent-child relationship. In response, by their original answer, the Baldwins presented a general denial without raising *res judicata* or any other affirmative defense.

When the 2003 case was called for trial, the Baldwins' attorney objected to the trial court's jurisdiction to pursue the case after dismissal of the first case.[1] The Department and other parties announced ready. The Baldwins' attorney did not file a written motion or plea to the jurisdiction, plead *res judicata*, nor reference Rule 162 of the Texas Rules of Civil Procedure nor sections 263.401 or 263.402 of the Texas Family Code. Following

---

[1]Counsel renewed his objection to the trial court's jurisdiction that had been raised at the original adversary hearing.

argument, the trial court proceeded to hear evidence and rendered judgment terminating the Baldwins' parental rights.

By their only issue, the Baldwins contend the trial court had a statutory duty to dismiss the Department's petition to terminate the parent-child relationship. Specifically they contend the 2001 and 2003 cases were based on the same facts and absent a new factual basis, the trial court had a statutory duty to dismiss the 2003[2] case upon their timely objection. We disagree.

The Baldwins do not suggest that allegations of new facts were essential on grounds that *res judicata* applied; rather, their argument is grounded on the dismissal date of the termination per sections 263.401 and 263.402 of the Code. As we understand the argument, they contend the statutory termination date for the 2001 case applied to the 2003 case because the latter was based on the same allegations as the first. However, the Baldwins overlook the well-established rule that a non-suit without prejudice is not an adjudication of the rights of the parties but instead merely places the parties in the position they were in before the court's jurisdiction was invoked just as if the suit had never been instituted. *See* Crofts v. Court of Civil Appeals, 362 S.W.2d 101, 104 (Tex. 1962); *see also* Yanez v. Milburn, 932 S.W.2d 725, 728 (Tex.App.--Amarillo 1996, writ denied) (holding that

---

[2]Although the summary of argument references the 2001 case, the context of the issue applies to the 2003 case.

in performing its ministerial function to dismiss the action upon a motion for non-suit, the trial court does not adjudicate the merits of the case).

Under Rule 162 the Department was authorized to take a non-suit at any time before it had presented all of its evidence. In Rexrode v. Bazar, 937 S.W.2d 614, 619 (Tex.App.-- Amarillo 1997, no writ), we observed that Rule 162 was designed to allow a plaintiff to avoid unexpected events or occurrences shortly before or during trial without proceeding to trial on the merits and suffer an unfavorable judgment. Recently, we held that after a non-suit the Department could file a second suit for termination. *See* In re L.J.S., 96 S.W.3d 692, 694 (Tex.App.--Amarillo 2003, pet. denied). In his concurrence, Chief Justice Johnson noted that section 263.401 does not require new facts be alleged in a subsequent proceeding. *Id*. at 696.

Applying section 263.401, we have held that a Rule 11 agreement in an initial proceeding would not support judgment beyond the mandatory dismissal date in a second suit. *See* In re T.M., 33 S.W.3d 341, 345 (Tex.App.--Amarillo 2000, no pet.). We also held that the Legislature did not provide for any judicial discretion but imposed a duty on the trial court to dismiss the proceeding. *See* In re L.L., 65 S.W.3d 194, 197 (Tex.App.--Amarillo 2001, pet. dism'd). However, because neither sections 263.401 nor 263.402 prohibit a second suit by the Department following a non-suit without prejudice, nor contain a provision abrogating Rule 162 for purposes of those sections, we hold the trial court did not have a statutory duty to dismiss the 2003 proceeding.

4

We have not overlooked the question of the trial court's jurisdiction implied by the Baldwins' attorney in the trial court. However, because the 2001 amendment to section 263.401(b)[3] removed the reference to the trial court's jurisdiction and the Baldwins did not present argument, it is not presented for review. The Baldwins' sole issue is overruled.

Our disposition of the Baldwins' issue pretermits consideration of the Department's contentions. Accordingly, the judgment of the trial court is affirmed.

Don H. Reavis<br>Justice

Campbell, J., concurring.

NO. 07-04-00267-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

---

[3]Prior to the 2001 amendment, sub-paragraph (b) provided in part:

[o]n or before the time described by Subsection (a) for the dismissal of the suit, the court may extend the court's jurisdiction of the suit . . . . *See* Act of May 31, 1977, 75th Leg., R.S., ch. 1022, § 90, 1997 Tex. Gen. Laws 3733, 3769.

JANUARY 13, 2005

_____

IN THE INTEREST OF L.W.B., II, A CHILD
_____

FROM THE 72ND DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2003-520,737; HONORABLE KEVIN C. HART, JUDGE
_____

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

**CONCURRING OPINION**

I concur with the result reached by the majority. In my view, though, when the Department of Family and Protective Services seeks termination of the parent-child relationship, it may not take a nonsuit without the approval of the trial court. Tex. Fam. Code Ann. § 161.203 (Vernon 2002). Here, as the court's opinion notes, the trial court signed an order dismissing cause number 2001-514,702 without prejudice in response to the notice of nonsuit filed by the Department.

James T. Campbell
Justice