NO. 07-04-00267-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



JANUARY 13, 2005



______________________________




IN THE INTEREST OF L.W.B., II, A CHILD 




_________________________________



FROM THE 72ND DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2003-520,737; HONORABLE KEVIN C. HART, JUDGE



_______________________________




Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ. 



MEMORANDUM OPINION



 Appellants Louis Larry Baldwin and Mary Yvonne Baldwin challenge the trial court's
judgment terminating their parental rights to their son, L.W.B., II and appointing the
Department of Family and Protective Services permanent managing conservator of the
child. Presenting a sole issue, the Baldwins contend reversal is required because the trial
court had a statutory duty to dismiss the petition to terminate the parent-child relationship
in cause number 2003-520,737 after the Department's petition for termination was
dismissed in cause number 2001-514,702. The Department questions whether (1) the trial
court can consider facts that occurred prior to the adversary hearing in the first case when
it requests emergency relief in a second case, and (2) facts that occurred after the first
adversary hearing existed to support the trial court's order granting emergency relief in the
second case. We affirm.

 On July 30, 2001, the Department filed an original petition for protection of a child,
conservatorship, and termination of the parent-child relationship. Before rendition of a final
judgment, on January 27, 2003, the Department filed a notice of non-suit without prejudice
and on that same date, the trial court signed an order dismissing the case without prejudice
to the refiling of the non-suited claims. Also on January 27, the Department filed a second
original petition for protection of a child, for conservatorship, and for termination of the
parent-child relationship. In response, by their original answer, the Baldwins presented a
general denial without raising res judicata or any other affirmative defense. 

 When the 2003 case was called for trial, the Baldwins' attorney objected to the trial
court's jurisdiction to pursue the case after dismissal of the first case. (1) The Department
and other parties announced ready. The Baldwins' attorney did not file a written motion or
plea to the jurisdiction, plead res judicata, nor reference Rule 162 of the Texas Rules of
Civil Procedure nor sections 263.401 or 263.402 of the Texas Family Code. Following
argument, the trial court proceeded to hear evidence and rendered judgment terminating
the Baldwins' parental rights.

 By their only issue, the Baldwins contend the trial court had a statutory duty to
dismiss the Department's petition to terminate the parent-child relationship. Specifically
they contend the 2001 and 2003 cases were based on the same facts and absent a new
factual basis, the trial court had a statutory duty to dismiss the 2003 (2) case upon their timely
objection. We disagree.

 The Baldwins do not suggest that allegations of new facts were essential on grounds
that res judicata applied; rather, their argument is grounded on the dismissal date of the
termination per sections 263.401 and 263.402 of the Code. As we understand the
argument, they contend the statutory termination date for the 2001 case applied to the
2003 case because the latter was based on the same allegations as the first. However, 
the Baldwins overlook the well-established rule that a non-suit without prejudice is not an
adjudication of the rights of the parties but instead merely places the parties in the position
they were in before the court's jurisdiction was invoked just as if the suit had never been
instituted. See Crofts v. Court of Civil Appeals, 362 S.W.2d 101, 104 (Tex. 1962); see also
Yanez v. Milburn, 932 S.W.2d 725, 728 (Tex.App.--Amarillo1996, writ denied) (holding that
in performing its ministerial function to dismiss the action upon a motion for non-suit, the
trial court does not adjudicate the merits of the case).

 Under Rule 162 the Department was authorized to take a non-suit at any time before
it had presented all of its evidence. In Rexrode v. Bazar, 937 S.W.2d 614, 619 (Tex.App.--Amarillo 1997, no writ), we observed that Rule 162 was designed to allow a plaintiff to avoid
unexpected events or occurrences shortly before or during trial without proceeding to trial
on the merits and suffer an unfavorable judgment. Recently, we held that after a non-suit
the Department could file a second suit for termination. See In re L.J.S., 96 S.W.3d 692,
694 (Tex.App.--Amarillo 2003, pet. denied). In his concurrence, Chief Justice Johnson
noted that section 263.401 does not require new facts be alleged in a subsequent
proceeding. Id. at 696. 

 Applying section 263.401, we have held that a Rule 11 agreement in an initial
proceeding would not support judgment beyond the mandatory dismissal date in a second
suit. See In re T.M., 33 S.W.3d 341, 345 (Tex.App.--Amarillo 2000, no pet.). We also held
that the Legislature did not provide for any judicial discretion but imposed a duty on the trial
court to dismiss the proceeding. See In re L.L., 65 S.W.3d 194, 197 (Tex.App.--Amarillo
2001, pet. dism'd). However, because neither sections 263.401 nor 263.402 prohibit a
second suit by the Department following a non-suit without prejudice, nor contain a
provision abrogating Rule 162 for purposes of those sections, we hold the trial court did not
have a statutory duty to dismiss the 2003 proceeding. 

 We have not overlooked the question of the trial court's jurisdiction implied by the
Baldwins' attorney in the trial court. However, because the 2001 amendment to section
263.401(b) (3) removed the reference to the trial court's jurisdiction and the Baldwins did not
present argument, it is not presented for review. The Baldwins' sole issue is overruled. 

 Our disposition of the Baldwins' issue pretermits consideration of the Department's
contentions. Accordingly, the judgment of the trial court is affirmed.


 Don H. Reavis

 Justice



Campbell, J., concurring.






NO. 07-04-00267-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



JANUARY 13, 2005



______________________________



IN THE INTEREST OF L.W.B., II, A CHILD 


_________________________________



FROM THE 72ND DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2003-520,737; HONORABLE KEVIN C. HART, JUDGE


_______________________________



Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

CONCURRING OPINION


 I concur with the result reached by the majority. In my view, though, when the
Department of Family and Protective Services seeks termination of the parent-child
relationship, it may not take a nonsuit without the approval of the trial court. Tex. Fam.
Code Ann. § 161.203 (Vernon 2002). Here, as the court's opinion notes, the trial court
signed an order dismissing cause number 2001-514,702 without prejudice in response to
the notice of nonsuit filed by the Department. 

 James T. Campbell

 Justice 

 

1. Counsel renewed his objection to the trial court's jurisdiction that had been raised
at the original adversary hearing.
2. Although the summary of argument references the 2001 case, the context of the
issue applies to the 2003 case.
3. Prior to the 2001 amendment, sub-paragraph (b) provided in part:

 

 [o]n or before the time described by Subsection (a) for the dismissal of the
suit, the court may extend the court's jurisdiction of the suit . . . . See Act of
May 31, 1977, 75th Leg., R.S., ch. 1022, § 90, 1997 Tex. Gen. Laws 3733,
3769.


xt-align: justify; margin-left: 3.5in">Mackey K. Hancock

                                                                                    Justice











Do not publish.