NO. 12-04-00329-CV
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS
IN THE INTEREST OF R.W.W.,                     §                 APPEAL FROM THE THIRD
 
M.L.W., H.W. AND H.W.,                                  §                 JUDICIAL DISTRICT COURT OF
 
MINOR CHILDREN                                         §                 HENDERSON COUNTY, TEXAS
                                                                                                                                                            
MEMORANDUM OPINION
            Melissa Wilson appeals the termination of her parental rights. On appeal, Wilson presents
four issues. We affirm.
 
Background
            Wilson is the mother of R.W.W., born May 17, 1991, M.L.W., born September 18, 1992, and
twins, H.W. and H.W., born April 21, 1999. Phillip Warren Wilson is the father of R.W.W. and
M.L.W., and Danny Elliot is the father of the twins. On March 13, 2001, the Texas Department of
Protective and Regulatory Services (the “Department”) filed an original petition for protection of a
child, for conservatorship, and for termination in a suit affecting the parent-child relationships
between Wilson and her children. Further, the Department requested termination of the parent-child
relationships between the respective fathers and their children. On March 30, 2001, the trial court
appointed the Department as temporary managing conservator of all four children. On February 4,
2002, the trial court granted an extension of the dismissal date until September 16, 2002. 
            A trial was held beginning August 19, 2002 and continuing through October 28. On
October 28, the trial court entered a “final order” in suit affecting the parent-child relationship. In
this order, the trial court found that the parties agreed not to terminate the parental rights of Wilson.
The Department also decided not to proceed in terminating the parental rights of the respective
fathers of the children. As agreed by the parties, the trial court appointed the Department as
permanent managing conservators of the four children. However, the parties agreed to the
appointment subject to each child being returned to Wilson on the trial court’s approval of her
compliance with orders of the trial court for that purpose. The order was signed on December 4. In
the intervening months, the trial court entered three temporary orders modifying the October 28
“final order.” On August 11, 2003, the Department filed a motion to modify, seeking termination of
the parent-child relationships between Wilson and her four children and the respective fathers and
their children. On April 5, 2004, Wilson filed a motion to dismiss for lack of jurisdiction, citing
section 263.401 of the Texas Family Code. She further claimed that the October 28, 2002 order was
not a final order because it did not dispose of all parties and claims and was modified at least three
times. The trial court denied Wilson’s motion. 
            The trial court heard the case on September 14 and October 11, 2004. The trial court found,
by clear and convincing evidence, that termination of the parent-child relationships between Wilson
and her four children was in the children’s best interest. The trial court also found that Wilson failed
to comply with the provisions of a court order that specifically established the actions necessary for
her to obtain the return of the children, who had been in the permanent or temporary managing
conservatorship of the Department for not less than nine months as a result of the children’s removal
from her under Chapter 262 for the abuse or neglect of the children. Further, the trial court found,
by clear and convincing evidence, that termination of the parent-child relationships between Phillip
Warren Wilson and his children, R.W.W. and M.L.W., and between Danny Elliott and his children,
H.W. and H.W., was in the children’s best interest and that both fathers had executed irrevocable
affidavits of relinquishment of parental rights. Therefore, on October 11, the trial court ordered
termination of the parent-child relationships between Wilson and her children, Phillip Warren
Wilson and his children, and Danny Elliott and his children. This appeal followed. 
 
Final order and Dismissal of Suit 
            In her first issue, Wilson argues that the order rendered by the trial court on October 28, 2002
and signed on December 4, 2002 was not a final order. In her second issue, Wilson contends that
the trial court did not timely render a final order in a suit affecting parent-child relationship
(“SAPCR”) filed by the Department requesting termination. In her third issue, Wilson argues that
the trial court was required to dismiss the Department’s suit upon her request prior to the
commencement of the second trial regarding termination of her parental rights. In her fourth issue,
Wilson contends that the trial court lacked jurisdiction to terminate her parental rights by the
October 11, 2004 order. The Department disagrees.
Applicable Law
            Section 263.401 of the Texas Family Code requires that a court dismiss any SAPCR filed by
the Department requesting termination of parental rights on the first Monday after the first
anniversary of the date the court rendered a temporary order appointing the Department temporary
managing conservator. Tex. Fam. Code Ann. § 263.401(a) (Vernon 2002). If the court finds that
continuing the Department’s conservatorship is in the child’s best interest, the court may grant an
extension and retain the suit on the court’s docket for a period not exceeding 180 days after the one-year dismissal date. Id. § 263.401(b). If the court grants an extension but does not render a final
order or dismiss the suit on or before the extended dismissal date, the court must dismiss the suit.
Id. § 263.401(c). Finally, the court may only grant one extension. Id. § 263.401(c). A final order for
purposes of this section is an order that, among others, without terminating the parent-child
relationship, appoints the Department as the managing conservator of the child. Id. § 263.401(d). 

            Section 263.401(b) previously provided that an extension order extended the court’s
jurisdiction of the suit. Tex. Fam. Code Ann. § 263.401 historical note [Act of May 22, 2001, 77th
Leg., R.S., ch. 1090, § 8, 2001 Tex. Gen. Laws 2395, 2396]. Recent amendments, enacted by the
77th Legislature, changed the introductory paragraph of subsection (b). Id. The legislature omitted
the phrase “may extend the court’s jurisdiction of the suit” and substituted the phrase “may retain
the suit on the court’s docket for a period not to exceed 180 days.” Id.; In re J.B.W., 99 S.W.3d
218, 224 (Tex. App.–Fort Worth 2003, pet. denied). The new introductory paragraph caused the
dismissal deadlines, once held to be jurisdictional, to become procedural and waivable. In re
J.B.W., 99 S.W.3d at 224 n.27. Thus, the legislature removed previous limitations on the trial
court’s jurisdiction. Id. at 224. 
            If the dismissal date in section 263.401 passes without rendition of a final order, the court
must dismiss the suit. In re Bishop, 8 S.W.3d 412, 419 (Tex. App.–Waco 1999, no pet.); see In re
T.M., 33 S.W.3d 341, 346-47 (Tex. App.–Amarillo 2000, no pet.). The term “shall dismiss” without
reservation imposes an obligation on the trial court to dismiss the suit. In re L.L., 65 S.W.3d 194,
196-97 (Tex. App.–Amarillo 2001, pet. dism’d); see In re T.M., 33 S.W.3d at 346. Therefore, the
court has no discretion in the matter. In re Bishop, 8 S.W.3d at 419; In re L.L., 65 S.W.3d at 197.
            However, the Legislature amended section 263.402(b), adding a provision that requires a
party to make a timely motion to dismiss the suit or to make a motion requesting the court to render
a final order before the dismissal deadline. Tex. Fam. Code Ann. § 263.402(b) (Vernon 2002); In
re J.B.W., 99 S.W.3d at 224. Otherwise, the party waives her right to complain that the trial court
failed to dismiss the suit. Id. § 263.402(b); In re J.B.W., 99 S.W.3d at 224. A motion to dismiss
is timely if the motion is made before the Department has introduced all its evidence, other than
rebuttal evidence, at the trial on the merits. Id. § 263.402(b). Moreover, these amendments applied
to all SAPCRs pending on September 1, 2001. Id. § 263.401 historical note [Act of May 22, 2001,
77th Leg., R.S., ch. 1090, § 10, 2001 Tex. Gen. Laws 2395, 2398]; Id. § 263.402 historical note [Act
of May 22, 2001, 77th Leg., R.S., ch. 1090, § 10, 2001 Tex. Gen. Laws 2395, 2398]. Because this
suit was pending on the effective date, the new amendments are germane to our examination of
Wilson’s issues. 
Analysis
            We must first determine whether the trial court’s order of October 28, 2002 was a final order.
The trial court’s order rendered on October 28 and signed on December 4 did not terminate the
parent-child relationship, but appointed the Department as permanent managing conservator of
Wilson’s four children. Section 263.401(d) defines what is necessary to constitute a “final order”
for purposes of application of that provision. See Tex. Fam. Code Ann. § 263.401(d); In re A.B.,
125 S.W.3d 769, 773 (Tex. App.–Texarkana 2003, pet. denied). Because the trial court’s order
appointed the Department as managing conservator of the children without terminating the parent-child relationship, it is a “final order” for purposes of section 263.401. See Tex. Fam. Code Ann.
§ 263.401(d); In re A.B., 125 S.W.3d at 773. Accordingly, we overrule Wilson’s first issue.
            Next, we will consider whether the trial court timely rendered a final order in a SAPCR
proceeding. The trial court extended the dismissal date in this case to September 16, 2002, and its
“final order” was not rendered until October 28, 2002. Pursuant to Texas Family Code section
263.401(c), the trial court should have dismissed the suit because it did not render a final order or
dismiss the suit on or before the extended dismissal date. See Tex. Fam. Code Ann. § 263.401(c).
However, this dismissal deadline, once jurisdictional, is now procedural and waivable. See In re
J.B.W., 99 S.W.3d at 224 n.27. If a party does not make a timely motion to dismiss the suit or make
a motion requesting the trial court to render a final order before the dismissal deadline, the party
waives her right to complain that the trial court failed to dismiss the suit. See Tex. Fam. Code Ann.
§ 263.402(b); In re J.B.W., 99 S.W.3d at 224. 
            Wilson did not request that the trial court render a final order before the dismissal date of
September 16, 2002. Nonetheless, Wilson argues that her motion to dismiss was timely because it
was filed on April 5, 2004, five months before the second trial on September 14 and October 11,
2004, which she contends was before the Department introduced all its evidence. Section 263.402(b)
further states that a motion is timely if it is made before the Department has introduced all its
evidence, other than rebuttal evidence, at the trial on the merits. See Tex. Fam. Code Ann.
§ 263.402(b).
            There is no record on appeal regarding the hearings conducted or evidence heard at the two
trials. However, the trial court’s order of October 28 stated that “beginning on August 19, 2002, and
continuing through October 28, 2002, this case came on for final hearing.” In her statement of facts,
Wilson’s brief stated that there was a trial before the bench to terminate her rights beginning
August 19 and that evidence was presented for several weeks. Moreover, in its brief, the Department
stated that it introduced all its evidence at the trial beginning August 19 and closed its case on
September 11, prior to the dismissal deadline. In the order of termination on October 11, 2004, the
trial court stated that the case was heard on two dates, September 14 and October 11. From the trial
court’s statements in its orders and both parties’ statements in their briefs, we conclude that the trial
on the merits to determine whether Wilson’s parental rights should be terminated was held from
August 19 through October 28, 2002. Because Wilson filed her motion to dismiss in April of 2004
after the Department introduced all its evidence at the trial on the merits, her motion to dismiss was
not timely. See Tex. Fam. Code Ann. § 263.402(b). Therefore, Wilson has waived her right to
complain of the trial court’s failure to dismiss the suit. See Tex. Fam. Code Ann. § 263.402(b); In
re J.A., 109 S.W.3d 869, 873 (Tex. App.–Dallas 2003, pet. denied). Accordingly, Wilson’s second
and third issues are overruled.
            Finally, Wilson argues in her fourth issue that the trial court had no jurisdiction to terminate
her parental rights by the October 11, 2004 order. We have concluded that the October 28, 2002
order was a “final order” and that Wilson waived her right to complain of the trial court’s failure to
dismiss the suit. Moreover, because the dismissal deadlines, once jurisdictional, are now procedural
and waivable, previous limitations on the trial court’s jurisdiction have been removed. See In re
J.B.W., 99 S.W.3d at 224 & n.27. Thus, the trial court had jurisdiction to terminate Wilson’s
parental rights by the October 11, 2004 order. See id. Accordingly, Wilson’s fourth issue is
overruled.
 
Disposition
            The judgment of the trial court is affirmed.
 
 
 
                                                                                                    SAM GRIFFITH 
                                                                                                               Justice
 
 

Opinion delivered September 7, 2005.
Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.







(PUBLISH)