NO. 07-05-0424-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

JUNE 9, 2006

_____

IN THE INTEREST OF R.M. AND J.M., CHILDREN,

_____

FROM THE 237TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2005-531,942; HONORABLE KEVIN HART, JUDGE

_____

Before QUINN, C.J., and HANCOCK, J., and BOYD, S.J.[1]

**MEMORANDUM OPINION**

Appellant, Virginia Marlene Castle, appeals from an order terminating her parental rights to her children. We affirm the trial court.

Factual and Procedural Background

Appellee, the Texas Department of Protective and Regulatory Services (Department), first had contact with Virginia Marlene Castle in 2001, when the Department filed an original suit affecting the parent-child relationship in the District Court of Hockley

---

[1] John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.

County. In the ensuing years, Castle's children, R.M. and J.M., were in and out of the temporary care of the Department. On August 24, 2005, the Department filed an Original Petition for Protection of a Child, for Conservatorship, and for Termination in Suit Affecting the Parent-Child Relationship in the 237th District Court of Lubbock County. On the same day, the trial court removed the children from Castle's care by order of protection. At the adversarial hearing on the order of protection, the Department was once again appointed temporary managing conservator. A jury trial was scheduled for October 24, 2005. On the morning of the jury trial, Castle executed an affidavit of voluntary relinquishment of her parental rights. The order terminating the parental rights of Castle was entered that day. Two days later, Castle filed a motion for new trial alleging her affidavit was executed under duress. On November 21, 2005, the trial court entered an order denying the motion for new trial and deeming Castle's appeal frivolous. It is from this ruling that Castle appeals.

By four issues, Castle contends that the trial court committed reversible error. First, Castle contends that the trial court erred in denying her motion for new trial and finding that her appeal was frivolous. Second, Castle contends that the trial court erred in denying her motion to dismiss. Third, Castle contends that her substantive due process rights were violated by the Department. Finally, Castle contends that the affidavit of relinquishment was not executed voluntarily.

## Frivolous Appeal

In her first issue, Castle argues that the trial court erred in denying her motion for new trial and in determining that her appeal was frivolous. The trial court conducted a

2

hearing pursuant to Texas Family Code § 263.405 and deemed that Castle's appeal was frivolous, as provided by Texas Civil Practice and Remedies Code § 13.003(b). TEX. FAM. CODE ANN. § 263.405 (Vernon 2005)[2] and TEX. CIV. PRAC. & REM. CODE ANN. § 13.003(b) (Vernon 2005). An appellate court reviews a trial court's finding that an appeal is frivolous under an abuse of discretion standard. De La Vega v. Taco Cabana, Inc., 974 S.W.2d 152, 154 (Tex.App.–San Antonio 1998, no pet.). Likewise, the decision whether to grant a motion for new trial is reviewed for an abuse of discretion. See Simon v. York Crane & Rigging Co., Inc., 739 S.W.2d 793, 795 (Tex. 1987); Strackbein v. Prewitt, 671 S.W.2d 37, 38 (Tex.1984). A contention on appeal "is frivolous when it lacks an arguable basis either in law or fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831, 104 L.Ed.2d 338 (1989); De La Vega, 974 S.W.2d at 154. Accordingly, a frivolous appellate contention will not support the granting of a new trial.

Castle's sole contention in her motion for new trial was that she signed the voluntary relinquishment under duress. By extrapolation, we take that to mean that Castle did not voluntarily sign the relinquishment, rather her signature was obtained by some external force that overcame her individual will. See generally Tower Contracting Co. v. Burden Bros, Inc., 482 S.W.2d 330, 335 (Tex.Civ.App.–Dallas 1972, writ ref'd n.r.e.)(discussing what constitutes duress). Castle testified that, while she was waiting in a witness room near the courtroom where her jury trial was scheduled, she overheard her attorneys talking to the attorney representing the Department. Castle testified that she heard the Department's attorney say that "I either sign the papers or they're going to send me to jail." Castle further

_____

[2] Future citations to the Texas Family Code will be by "Family Code § ___."

3

testified that, prior to hearing that statement, she had never considered signing an affidavit of relinquishment. The Department's attorney testified about the circumstances that led to his conversation with Castle's attorneys outside the witness room. He testified that there was testimony at the adversarial hearing which he felt obligated to pass along to the criminal division of the Criminal District Attorney's office. The discussion that he had with Castle's attorneys was to advise them that he had done so. He denied ever having threatened Castle, directly or indirectly, to gain her signature on the affidavit of relinquishment. At the conclusion of the hearing, the trial court found that there was no evidence that anyone had exerted any undue influence over Castle.

The trial court was the fact finder regarding the circumstances surrounding Castle's decision to sign the relinquishment. The fact finder is the sole judge of the credibility of the witnesses and the weight to be given their testimony. Leyva v. Pacheco, 163 Tex. 638, 358 S.W.2d 547, 549 (1962). The fact finder may believe one witness and disbelieve another. McGalliard v. Kuhlmann, 722 S.W.2d 694, 697 (Tex. 1986). The fact finder resolves inconsistencies in testimony. Id. Where enough evidence is before the fact finder that reasonable minds could differ on the meaning of the evidence, or the inferences and conclusions to be drawn from the evidence, we may not substitute our judgment for that of the fact finder. Herbert v. Herbert, 754 S.W.2d 141, 144 (Tex. 1988).

Based on the record before this court, we cannot say that the trial court abused its discretion in denying Castle's motion for new trial[3] or finding that Castle's appeal was

---

[3] The trial court further found that Castle had produced no evidence at the motion for new trial hearing that was newly discovered and on that basis alone relief should be denied.

4

frivolous.  <u>Simon</u>, 739 S.W.2d at 795 (Tex. 1987); <u>De La Vega</u>, 974 S.W.2d at 154.

Accordingly, Castle's first issue is overruled.

Motion to Dismiss

By her second issue, Castle contends that the Department's filing of the August 24, 2005 petition to terminate her parental rights, after having previously non-suited a termination action filed in 2004, violated the legislative intent of the 2005 amendment of Family Code § 263.401 and, therefore, the case must be dismissed.[4]  Under Castle's theory, the trial court committed reversible error when it denied her motion to dismiss.

In essence, Castle contends that, because the dismissal of the prior suit was mandated by Family Code § 263.401, the trial court had no jurisdiction to hear the 2005 suit.  A challenge to the jurisdiction, based upon the pleadings, is reviewed *de novo.*  <u>State Dep't of Highways and Public Transp. v. Gonzalez</u>, 82 S.W.3d 322, 327 (Tex. 2001). When considering a jurisdictional claim, the court may only consider the plaintiff's pleadings and the evidence pertinent to the jurisdictional inquiry.  <u>County of Cameron v. Brown</u>, 80 S.W.3d 549, 555 (Tex. 2002).  When considering a trial court's order on a plea to the jurisdiction, we construe the pleadings in the plaintiff's favor and look to the pleader's intent.  <u>Id</u>.

_____

[4] The legislature amended Family Code § 263.401 to limit the 180 day extension of the dismissal deadline for a suit affecting the parent-child relationship when the child is under the temporary conservatorship of the Department to cases in which the trial court finds "extraordinary circumstances" necessitating that the child remain in the temporary conservatorship of the Department.  <u>Amended</u> <u>by</u> Acts 2005, 79th Leg., R.S., ch. 268, § 1.40, 2005 Tex. Gen. Laws 636.

Castle posits that the 2005 amendment to Family Code § 263.401 dictates that the Department may not non-suit its 2004 petition and, subsequently, file a new petition seeking temporary managing convservatorship and termination of her parental rights. She contends that the new amendment was intended to overrule this court's opinion in In re L.J.S.. See In re L.J.S., 96 S.W.3d 692 (Tex.App.–Amarillo 2003, no pet.). Castle makes a blanket assertion that to allow repeated filings to convenience the Department flies in the face of the legislature and renders Family Code § 263.401 meaningless.

However, the plain language of Family Code § 263.401, as amended, has no effect on the Department's right to re-file suit after non-suit. Further, our opinion in In re L.J.S. noted that, under the pre-amendment version of Family Code § 263.401, authority existed to allow the Department to reinitiate previously filed proceedings so long as new facts were alleged justifying the relief requested, even if the relief requested was the same in both suits. In re L.J.S., 96 S.W.3d at 694.[5] We must presume that, since the 2005 amendment did not specifically address the Department's right to re-file suit after non-suit, the legislature did not intend to change the existing law articulated in In re L.J.S. See Acer v. Texas Water Comm'n, 790 S.W.2d 299, 301 (Tex. 1990) ("A statute is presumed to have been enacted by the legislature with complete knowledge of the existing law and with reference to it."). As such, we conclude that the Department may reinitiate a previously

---

[5] Further, had the legislature intended to prohibit or limit the Department's refiling of a case after non-suit or even involuntary dismissal, it could have done so. See In re L.J.S., 96 S.W.3d at 695-96 (Johnson, C.J., concurring).

6

dismissed suit affecting the parent-child relationship provided that the new suit alleges new facts justifying the relief requested.

Castle asserts that the Department failed to identify new facts to support its re-filed August 24, 2005 suit and, as such, this suit was simply a continuation of the 2004 suit. However, Castle has neither presented argument nor authority in support of her assertion. The Department contends that its August 24, 2005 petition alleged new facts to support suit. Castle presents no argument that these allegations were not truly new or that they were insufficient to independently warrant the relief requested by the Department. Therefore, we conclude that the Department's pleadings and that portion of the record necessary to determine the jurisdiction of the court support the trial court's exercise of its jurisdiction. County of Cameron, 80 S.W.3d at 555. Therefore, Castle's second issue is overruled.

## Due Process

By her third issue, Castle contends that her substantive due process rights were violated when the Department non-suited the 2004 petition and re-filed a petition to terminate her parental rights. To support this position, Castle cites the court to the clerk's record. A review of that record reveals that the numerous citations to the continuing scheme of the Department are citations to Castle's motion to dismiss. Nowhere in the record are the historical documents necessary to prove the allegation, such as previous petitions.

The Department posits that Castle's contention should not be considered because she has failed to preserve the record. However, this position is without any reference to how or under what statute Castle failed to preserve the appellate point. The Department contends that Family Code § 263.405[6] required Castle to file a statement of points to preserve an issue for appeal. While the cited section speaks in terms of preservation, the balance of case law has held filing a statement of points is neither jurisdictional nor an additional requirement to preserve error. See In re S.P., 168 S.W.3d 197, 201 (Tex.App.–Dallas 2005, no pet. h.); In re W.J.H., 111 S.W.3d 707, 712 (Tex.App.–Fort Worth 2003, pet. denied).

Whereas Castle's failure to include this issue in a timely filed statement of points does not preclude this court from entertaining the contentions of Castle regarding due process, both the United States and Texas Supreme Courts have consistently held that even a claim of constitutional error may be waived by a party's failure to preserve the issue. Webb v. Webb, 451 U.S. 493, 495, 101 S.Ct. 1889, 68 L.Ed.2d 392 (1981); In re L.M.I., 119 S.W.3d 707, 710-11 (Tex. 2003) (referencing Texas Rule of Appellate Procedure 33.1).

Within this framework, a review of the record reveals that Castle never alleged, either in the motion to dismiss, the motion for new trial or during the actual trial, that the actions of the Department violated her substantive due process rights under either the United States or Texas constitutions. Castle's failure to advise the trial court of the

---

[6] Family Code § 263.405(b) imposes the requirement that a party intending to appeal file a statement of points within 15 days of the signing of the final order being appealed.

perceived error is fatal to her claim. Id. For these reasons, Castle's third issue is overruled.

## Affidavit of Relinquishment

Castle's fourth issue contends that the trial court erred when it found that the affidavit of relinquishment was executed voluntarily. Having determined, in connection with Castle's first issue, that the affidavit was not executed as a result of duress, we overrule Castle's fourth issue.

## Conclusion

Inasmuch as all of Castle's issues are overruled, we affirm the judgment of the trial court terminating Castle's parental rights to R.M. and J.M.


Mackey K. Hancock
Justice