**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-13-00220-CV**

_____


**IN THE INTEREST OF T.L.P. AND S.J.P. IV**


**On Appeal from the 75th District Court**
**Liberty County, Texas**
**Trial Cause No. CV1105186/CV1105131**


**MEMORANDUM OPINION**

In this parental-rights termination case, a jury found that Mother's and Father's parent-child relationships to their children, T.L.P. and S.J.P. IV,[1] should be terminated. The trial court rendered a judgment that terminated Mother's and Father's parent-child relationships, and Mother perfected an appeal. We affirm the trial court's judgment.

---

[1]To protect the identities of the minors involved in this parental-rights termination case, we identify both of the minors by their initials. *See* Tex. R. App. P. 9.8.

Following a trial, the jury terminated Mother's rights based on at least one of the following grounds by finding that (1) Mother had knowingly placed or knowingly allowed the children to remain in conditions or surroundings that endangered their physical or emotional well-being, (2) Mother had engaged in conduct or knowingly placed the children with persons who engaged in conduct that endangered their physical or emotional well-being, or that (3) Mother had failed to comply for a period of not less than nine months with the provisions of a court order establishing the actions necessary for Mother to obtain the return of the children from the Department of Family and Protective Services. *See* Tex. Fam. Code Ann. § 161.001(1)(D), (E), (O) (West Supp. 2012). The jury also found that terminating Mother's parental rights was in the children's best interest. *See id.* § 161.001(2) (West Supp. 2012). Based on the findings of the jury, the trial court rendered judgment, terminating Mother's parent-child relationships with T.L.P. and S.J.P. IV.

In issue one, Mother argues the evidence is legally and factually insufficient to support terminating her parental rights. The Department argues that Mother failed to preserve her legal and factual sufficiency complaints. We agree. With respect to Mother's legal sufficiency argument, the record reflects that Mother first raised her legal sufficiency claim in her appeal.

To preserve her legal sufficiency claim, the rules of error preservation require Mother to demonstrate that her legal sufficiency challenge was first raised with the trial court through either (1) a motion for instructed verdict, (2) a motion for judgment notwithstanding the verdict, (3) an objection to the submission of the issue to the jury, (4) a motion to disregard the jury's answer to a vital fact issue, or (5) a motion for new trial. *See Cecil v. Smith*, 804 S.W.2d 509, 510-11 (Tex. 1991); *In re D.J.J.*, 178 S.W.3d 424, 426-27 (Tex. App.—Fort Worth 2005, no pet.). Because Mother never brought her legal sufficiency challenge to the trial court's attention, Mother's legal sufficiency issue has not been preserved for appeal. *See In re J.P.B.*, 180 S.W.3d 570, 574 (Tex. 2005) (approving analysis finding that appellant in a parental-rights termination case failed to preserve legal sufficiency challenge for appellate review).

By failing to file a motion for new trial, Mother also failed to preserve her factual sufficiency complaint for appellate review. *See In re A.M.*, 385 S.W.3d 74, 78-79 (Tex. App.—Waco 2012, pet. denied); *In re J.M.S.*, 43 S.W.3d 60, 62 (Tex. App.—Houston [1st Dist.] 2001, no pet.); *see also* Tex. R. Civ. P. 324(b)(2). We further conclude that Mother's factual sufficiency complaint has not been preserved for our review. *See In re A.M.*, 385 S.W.3d at 78-79.

Mother's appeal does not claim that her trial counsel was ineffective based on trial counsel's failure to preserve Mother's sufficiency challenge for review. Nevertheless, trial counsel's failure to preserve a factual sufficiency issue for review on appeal does not necessarily constitute ineffective assistance. *See In re M.S.*, 115 S.W.3d 534, 549 (Tex. 2003). An appeals court will presume that trial counsel's conduct fell within the wide range of reasonable professional assistance, absent a record that demonstrates otherwise; we presume that trial counsel believed that filing a motion for new trial was not warranted because the evidence supporting Mother's termination was sufficient. *See id.* (citing *Strickland v. Washington*, 466 U.S. 668, 689 (1984); *Smith v. State,* 17 S.W.3d 660, 662 (Tex. Crim. App. 2000)).

Nonetheless, having reviewed the record in detail, the evidence in the trial record demonstrates that Mother failed to comply with the requirements of her family service plan, as required by the trial court's order; therefore, there is legally and factually sufficient evidence in the record to support the findings that led the jury to conclude that Mother's parent-child relationships with T.L.P. and S.J.P. IV should be terminated. The evidence is also legally and factually sufficient to support the jury's determination that terminating Mother's relationships is in T.L.P.'s and S.J.P. IV's best interest. *See In re J.O.A.,* 283 S.W.3d 336, 344 (Tex.

4

2009); *In re J.F.C.,* 96 S.W.3d 256, 266 (Tex. 2002); *see also In re M.S.,* 115 S.W.3d at 550. We overrule issue one.

In issue two, Mother complains the trial court erred by denying her motion to dismiss, which argues that the trial court was required to dismiss the termination proceeding against Mother under section 263.401 of the Family Code because more than a year had passed from the date the termination case was originally filed. *See* Tex. Fam. Code Ann. § 263.401 (West 2008). Section 263.401 of the Family Code provides, with exceptions, that trials in termination cases are to commence twelve months after they are filed; however, the statute allows a single 180 day extension if the trial court finds that extraordinary circumstances necessitate a continuation of the appointment of the Department as the child's temporary managing conservator and that continuing the appointment of the Department is in the child's best interest. *Id.* § 263.401(a), (b). If a final order is not rendered within the required time frame, either one year or one year and up to an additional 180 days, section 263.401(c) requires the Department's suit to be dismissed, without prejudice. *Id.* § 263.401(a), (c).

Mother's motion to dismiss relies on an earlier filed termination proceeding that she asserts the Department of Family and Protective Services filed in Harris County. However, Mother's motion to dismiss was not properly supported by any

evidence, and the trial court did not take judicial notice of any of the pleadings filed in a prior cause number in which the Department sought to terminate Mother's parental rights. The record that is before us shows the Department filed the termination proceedings at issue on December 27, 2011; on December 7, 2012, the trial court signed an order finding that extraordinary circumstances necessitate that the children remain in the temporary managing conservatorship of the Department, and finding that continuing the appointment of the Department as temporary managing conservator is in the best interest of the children. In December 2012, before the one year anniversary of the date the Department filed its petition in the cause number before us, the trial court granted a 180 day extension; the record shows that the trial commenced in the cause number before us within the period required by section 263.401(c). *See id.* § 263.401(c).

Based on the record before us on appeal, Mother has not shown the trial court erred by denying her motion to dismiss. *See In re L.J.S.*, 96 S.W.3d 692, 694 (Tex. App.—Amarillo 2003, pet. denied) (concluding that parents failed to establish on appeal that trial court should have dismissed the termination proceeding under section 263.401). Additionally, the record shows the jury found that Mother failed to comply with the provisions of a court order establishing the actions necessary for her to obtain the return of the children, and that these

provisions, which included compliance with a family service plan, were imposed by virtue of an order dated January 6, 2012, a date that is subsequent to the date of the Department's alleged initial filing that Mother claims was dismissed. The evidence from the trial resulting in the termination of Mother's parental rights includes facts showing that Mother violated the trial court's order imposing a family service plan after January 6, 2012; therefore, the judgment terminating Mother's parental rights does not depend on facts that occurred before the date the Department filed the petition in the cause number now before us on appeal. Finally, the Department's 2011 petition is supported by an affidavit that alleges new facts that occurred after the Department allegedly filed an earlier petition in Harris County in 2010, the petition that Mother claims the trial court had earlier dismissed.

Because the record of the trial shows that Mother's parental rights were terminated based on facts that arose after 2010, Mother's argument that she was terminated based solely on facts that occurred before the Department allegedly filed its initial petition seeking to terminate her parental rights with her children is without merit. *See id.* (concluding that the parents had failed to "establish on appeal that the facts presented at the trial of the second suit and upon which the judgment at bar was founded were none other than those underlying the first suit").

We conclude that Mother's second issue is without merit; it is overruled.

Having overruled both of Mother's issues, we affirm the trial court's judgment.

AFFIRMED.

_____
HOLLIS HORTON
Justice

Submitted on October 18, 2013
Opinion Delivered October 31, 2013
Before McKeithen, C.J., Kreger and Horton, JJ.

8