IN THE SUPREME COURT OF TEXAS
 
════════════
No. 08-0524
════════════
 
 
In re Department of Family & Protective Services, Relator
 
 
════════════════════════════════════════════════════
On Petition for Writ of Mandamus
════════════════════════════════════════════════════
 
Argued November 12, 2008
 
 
            
Justice Hecht, joined by 
Justice Brister, dissenting.
 
 
            
When K.W.’s daughters were ages 3 and 2, the district court issued an 
emergency order removing them from her and giving custody to the Department of 
Family and Protective Services. Within a year, following a two-day bench trial, 
the district court found by clear and convincing evidence that K.W. had 
endangered her daughters, that she had been convicted or placed on community 
supervision for indecency with a child, that she had failed to comply with a 
court-ordered service plan to obtain the return of her children, and that 
termination of her rights in her daughters was in their best interest.[1] K.W. moved for a new trial. The court 
granted her motion and set a trial date three months away. When that date came, 
K.W. agreed to a postponement, and the court set another trial date four months 
away. Before that date arrived, K.W. moved to have the case dismissed and her 
children returned to her because of the delays caused by granting her motion for 
new trial and the agreed postponement. Not surprisingly, the court denied her 
motion.
            
The girls are now 6 and 5 and have been in foster care for two-and-a-half 
years. Today the Court orders them returned to their mother. There is no 
evidence that her situation has changed. No consideration is given to the 
children’s best interests. As far as we know, they are going back to the same 
living conditions that necessitated emergency intervention two-and-a-half years 
ago. K.W. recovers her daughters, not because they are now safe with her, but 
because of delays in these termination proceedings that she herself requested or 
agreed to. The Court explains that K.W. is simply taking advantage of 
“protections designed to assure prompt processing of both children and parents 
through the system”.[2] The Court’s notion of “prompt processing” 
is an odd one. If K.W. wanted prompt processing of her children and herself 
through the system, she could have gone to trial in December 2007, April 2008, 
or June 2008 instead of trying to force dismissal of the case so that it can be 
refiled and the parties can start over, further delaying a final resolution. The 
Court blames this startling result on the trial court for not following 
statutory procedures to continue the case, and on the Legislature for setting 
deadlines the way it did. But the result is unnecessary, in my view, for two 
reasons. I respectfully dissent.
I
            
The question that really matters is the one the Court refuses to answer: 
after a suit by the Department to terminate parental rights is dismissed due to 
a failure to meet the deadlines in section 263.401 of the Family Code, can the 
Department simply refile the same suit, retain custody of the child, and 
continue on as before, essentially unaffected?[3] If the answer is yes, and dismissal does 
not affect the Department’s ability to proceed, then all the consternation over 
whether this case should have been dismissed has been a waste of time — not just 
our time, the Department’s time, and a young mother’s time, but more than 
eighteen months out of the lives of two little girls whose futures are at stake 
here. If the Department can proceed after dismissal the same as before, then a 
determination whether dismissal was required is largely irrelevant. And if the 
answer is no, the Department cannot refile and retain custody, or can do so only 
with substantially new grounds for termination, then surely we should say so now 
rather than leaving the parties and trial court to continue in further 
proceedings the Department has no authority to pursue.
            
The four courts of appeals that have addressed the question have all 
concluded that a dismissal under section 263.401 is without prejudice and 
therefore does not bar the Department from filing another petition seeking 
termination on the same legal grounds.[4] One court has indicated that the petition 
in the later action must allege facts not alleged in the prior case,[5] but the author of the Court’s decision 
today disagreed.[6] All four courts agree that the Department 
cannot retain custody of a child after the dismissal of a termination action 
without alleging a new factual basis,[7] but the only reason the courts have ever 
given is purely practical: otherwise the Department could retain custody 
indefinitely simply by dismissing and refiling the same action over and over. 
One court has indicated that the public policy behind the statute would be 
violated if the Department could repeatedly refile termination proceedings 
without moving toward a final adjudication.[8] Undermining these concerns, courts have 
taken a very permissive view of what would constitute “new” facts.[9]
            
I agree with the courts of appeals that the dismissal required by section 
263.401 is without prejudice. Subsection (a), as originally enacted in 1997, 
provided that “the court shall dismiss” a termination suit unless, within a year 
after issuing temporary orders, a final order is rendered.[10] A 2007 amendment changed the condition 
to commencement of trial.[11] Subsection (b) permits a 180-day 
extension on specified conditions that have varied over the years.[12] The 1997 version of subsection (b) spoke 
in terms of “extend[ing] the court’s jurisdiction”,[13] but since the 2001 amendments the provision has referred instead to 
“retain[ing] the suit on the court’s docket”.[14] The dismissal contemplated by these 
provisions is clearly for want of prosecution without reference to the merits of 
the case. Such a dismissal is without prejudice to claims not adjudicated.[15]
            
A dismissal with prejudice is an adjudication of the parties’ rights;[16] a dismissal without prejudice is not.[17] A dismissal under section 263.401 does 
not involve a decision on the merits of the case, but dismissal with prejudice 
can be ordered as a sanction.[18] Section 263.401 does not contemplate 
dismissal as a sanction because it can occur without any fault of the 
Department, as in this case, or without any fault at all, as when the press of 
the trial court’s business simply does not allow compliance. Ordinarily, “‘there 
are constitutional limitations upon the power of courts, even in aid of their 
own valid processes, to dismiss an action without affording a party the 
opportunity for a hearing on the merits of his cause.’”[19] But having given the Department the 
authority to sue to terminate parental rights, the Legislature could certainly 
restrict that authority and prohibit the Department absolutely from prosecuting 
an action with respect to a child after a certain period of time. There is no 
indication that the Legislature has done so in section 263.401. The Legislature 
has made crystal clear that “[t]he best interest of the child shall always be 
the primary consideration of the court in determining the issues of 
conservatorship and possession of and access to the child.”[20] To require dismissal of a termination 
suit after a period of time without a determination that it is in the child’s 
best interest means either that the child’s best interest is sometimes 
irrelevant, or that delay past a certain time, for whatever reason, is never in 
the child’s best interest. Neither is possible.
            
Thus, a dismissal under section 263.401 must be without prejudice. A 
dismissal without prejudice presents no bar to refiling the same action.[21] The courts of appeals are therefore 
correct that the Department, after dismissal of a termination action under 
section 263.401, can file a new action asserting the same legal grounds. But 
they are incorrect in holding that the Department must allege new facts. Without 
prejudice is without prejudice. The pragmatic concern that the Department “would 
be permitted to maintain custody of a child in its care indefinitely merely by 
annually re-filing suit”[22] is unfounded. If the Department acts 
without sufficient grounds, merely to prolong custody of a child without a final 
adjudication, the trial court has ample authority to impose sanctions.[23] Section 263.401 does not suggest that 
the Department should be prohibited from refiling suit to protect a child.
            
The ostensible purpose of section 263.401 is to expedite termination 
cases. Threatening the Department with dismissal may not be the best means to 
that end. It makes no sense to punish children by returning them to dangerous 
circumstances because the Department or the court did not move swiftly enough to 
protect them. A better way might have been to set deadlines enforceable by 
mandamus along with procedures to monitor the status of termination cases 
throughout the State and ensure compliance. The Court shrugs: “it is not for 
courts to decide if legislative enactments are wise or if particular provisions 
of statutes could be better-worded to reach what courts or litigants might 
believe to be better or more equitable results.”[24] Perhaps, but we are required to presume 
that the Legislature intended “a just and reasonable result” in favor of the 
public interest over any private interest.[25] And we should consider the 
consequences.[26] We are obliged to adopt a reasonable 
construction of a statute that avoids results as unreasonable as returning 
children to unsafe environments.
            
Whether the threat of dismissal adequately serves the Legislature’s 
purpose of expediting termination cases, judicial wrangling over whether 
dismissal should or should not occur does not. The trial court last set this 
case for trial on June 4, 2008. Had judgment been rendered at that time, the 
case could be close to being final on appeal. Even though this Court and the 
court of appeals have expedited consideration of K.W.’s petition for mandamus, 
if the Department is permitted to proceed anyway, months have been lost 
unnecessarily. Despite the energy expended in this case, adjudication remains 
distant. The Court states: “The Family Code evidences a clear intent by the 
Legislature to prevent cases from lingering on court dockets for extended 
periods beyond specified timeframes by agreement or otherwise.”[27] Then the Court proceeds to adopt a 
construction in this case that requires that a final resolution of the issues be 
delayed interminably.
            
I would hold that even if this suit is dismissed, the Department can 
refile the same action as long as there are factual and legal grounds to do 
so.[28] I would leave it to the ample mechanisms 
already in place for assuring prompt resolution of cases to require that the 
Department move expeditiously.
II
            
That said, I do not believe that section 263.401 requires dismissal.
            
The trial court rendered a final order before the one-year deadline 
prescribed by subsection (a). K.W. timely filed a motion for new trial,[29] and the trial court held a timely 
hearing.[30] While the Family Code prescribes 
deadlines for filing and hearing a motion for new trial, it says nothing 
specific about deadlines after a motion for new trial is granted. The statutory 
provisions cannot reasonably be construed to allow a party to file a motion for 
new trial but deny the court a reasonable opportunity to grant the motion and 
retry the case.
            
While the court’s order granting a new trial set aside the final order, 
it did not erase the fact that a final order was rendered within the time 
prescribed by subsection (a). Subsection (b) allowed the court to retain the 
case on its docket for 180 days if it found that continuing the Department’s 
conservatorship of K.W.’s children was necessitated by extraordinary 
circumstances and was in the children’s best interest. While the court did not 
make those findings on the record, subsection (b) does not impose that 
requirement, and the findings are certainly implied in the court’s rulings, as 
they would be in other cases.[31] Subsection (b) does require an 
additional order setting a new dismissal deadline within 180 days, a trial date 
enough in advance for a final ruling by the deadline, and any further orders 
necessary. The court issued no additional order but did set a new trial date 
well within the 180 days. It issued no further temporary orders, but there is no 
indication that any were necessary. In any event, K.W. never objected that an 
additional order did not issue. I would hold that the court properly retained 
the case under that subsection (b).
            
The new trial was postponed until after the 180-day deadline. Section 
263.401(c) prohibited this extension.[32] K.W. did not object to the delay; she 
requested it. Under section 263.402(b), she waived the right to object because 
she did not move for a final order before the extended deadline and did not move 
to dismiss before the Department rested its case-in-chief at the first trial.[33] K.W. contends that she was entitled to 
move for dismissal until the Department rested at the second trial, but she 
cannot be permitted to agree to postpone the trial and then object that it was 
not conducted sooner.
            
This construction of the statutory provisions does not force a parent to 
choose between moving for a new trial and insisting on expedited proceedings. 
Having obtained a new trial, K.W. was entitled to insist that it occur within 
180 days, and the trial court complied with a setting well within that period. 
But K.W. did not move for a final order within the period; to the contrary, she 
requested a postponement. At that point, she could no longer object to the 
delay.
* * *
            
The Court states: “The members of this Court recognize the significance 
of this proceeding to the lives of the children involved — anyone would.”[34] Then it releases to K.W., who was found 
in emergency proceedings and after trial on the merits to have been an unfit 
parent, two small children who have been in foster care for over two years, 
though the Court acknowledges that it has no idea what the present circumstances 
are or what the risks may be. The Court seems to take comfort in the possibility 
the Department will refile termination proceedings,[35] actions that will no doubt extend by 
years a final resolution of this case. Recognizing the significance of this case 
to the children, and trying to avoid harm, appear to be different things.
            
I would direct the court of appeals to vacate its judgment and allow the 
trial court to proceed. Because the Court does not do so, I respectfully 
dissent.
 
_____________________________              
            
            
            
            
            
            
            
            
            
            
            
  
            
            
            
            
            
            
Nathan L. Hecht
            
            
            
            
            
            
Justice
 
Opinion 
delivered: January 9, 2009
 






[1] Tex. Fam. Code § 161.001 (1) (E), (L) 
(iv), (O), (2). It appears from allegations in the record submitted to this 
Court that K.W. was 18 and the alleged father was 13 when the elder of their two 
children was conceived. 

[2] Ante at ___.

[3] Ante at ___ (“As to the issue 
of whether the Department can refile the same suit, retain custody of the 
children, and continue as before to seek termination of K.W.'s parental rights, 
the question simply is not before us”).

[4] In re Bishop, 8 S.W.3d 412, 
420 (Tex. App.–Waco 1999, orig. proceeding) (“In addition, we observe that the 
dismissal mandated by section 263.401 does not constitute a decision on the 
merits of the suit. Therefore, such a dismissal is without prejudice to the 
rights of DPRS to assert the same grounds in a subsequently filed suit.”); In 
re Ruiz, 16 S.W.3d 921, 927 (Tex. App.–Waco 2000, orig. proceeding) (“We 
have already determined that a dismissal under section 263.401(a) is without 
prejudice, so DPRS would be able to re-file the case asserting the same 
grounds for termination as originally alleged.” (citing Bishop)); 
In re T.M., 33 S.W.3d 341, 347 (Tex. App.–Amarillo 2000, orig. 
proceeding) (“[A]uthority holds that a dismissal under section 263.401 does not 
constitute an adjudication on the merits. So too does it conclude that the DPRS 
may refile the case and assert the same grounds for termination as originally 
alleged.” (citing Ruiz, citations omitted)); In re M.N.G., 147 
S.W.3d 521, 528 (Tex. App.–Fort Worth 2004, pet. denied) (“A dismissal under 
section 263.401(a) is without prejudice so that DFPS may refile the case 
asserting the same grounds for termination as originally alleged.” (citing 
Ruiz)); In re K.Y., ___ S.W.3d ___, ___ (Tex. App.–Houston [14th 
Dist.] 2008, no pet. h.) (“Once a suit is dismissed without prejudice, DFPS may 
refile the suit asserting the same grounds for termination originally alleged.” 
(citing M.N.G. and Ruiz)).

[5] In re L.J.S., 96 S.W.3d 692, 
694 (Tex. App.–Amarillo 2003, pet. denied) (“[A]uthority clearly allows [the 
Department] to reinitiate the proceeding if new facts are alleged justifying 
relief on the same grounds averred in the first action.”).

[6] Id. at 695-696 (Johnson, C.J., 
concurring) (“The Legislature has set out detailed standards and procedures for 
suits involving protection of children and families. . . . If the collective 
will of the Legislature had been to preclude the TDPRS from dismissing and then 
re-filing suit . . . , it could have easily so provided. . . . Section 263.401 
does not require trial courts to determine that a subsequent suit is based on 
‘new facts’ of some timing and character, or to otherwise dismiss the suit. 
Regardless of whether new facts were pled and regardless of the nature of any 
new facts pled, the plain language of Section 263.401 neither precluded TDPRS 
from filing the second suit seeking to terminate the [parents’] relationship 
with [their child], nor mandated dismissal of the second 
suit.”).

[7] In re Ruiz, 16 S.W.3d at 927 
(“[W]e conclude that DPRS cannot again remove R.R. from her home or keep her in 
foster care absent new facts which support removal under chapter 262 of the 
Family Code. . . . To support a subsequent removal, DPRS must rely on facts 
warranting removal which have occurred after the adversary hearing [on the first 
temporary orders]. To hold otherwise would render section 263.401(a) meaningless 
because DPRS would be permitted to maintain custody of a child in its care 
indefinitely merely by annually re-filing suit. This is clearly contrary to the 
purpose of the statute.”); In re T.M., 33 S.W.3d at 347 (“However, the 
right to rely upon the same grounds for termination does not permit the entity 
to use the same facts as the basis for removing the child from her parents or 
maintaining her in a foster home pending resolution of the suit. New facts 
justifying the temporary relief must be propounded.” (citations omitted)); In 
re M.N.G., 147 S.W.3d at 528 (“DFPS cannot keep a child in foster care 
absent new facts supporting removal from the home.”); In re K.Y., ___ 
S.W.3d at ___ (“However, DFPS cannot maintain temporary custody of the children 
without alleging new facts to support the termination.”).

[8] In re L.J.S., 96 S.W.3d at 
693-694 (“Assuming arguendo that the TDPRS may be free to non-suit and 
reinitiate proceedings, they cannot do so in a manner that violates statute or 
public policy. The public policy here involved is encapsulated in § 263.401(a) 
of the Texas Family Code. That statute exists to facilitate permanence and 
stability in the lives of children subjected to TDPRS involvement by limiting 
the time within which the TDPRS can prosecute actions to terminate parental 
rights or have it designated conservator. And, that time is 12 months with, 
generally, no more than an extension of 180 days. Now, to allow the statutory 
time period to be exceeded through legal maneuvering of the TDPRS or any other 
party would undoubtedly run afoul of the public policy underlying the 
provision.” (citations omitted)).

[9] See, e..g., In re 
K.Y., ___ S.W.3d at ___ (“DFPS argues that it did allege new facts because 
the second petition alleged that appellant was incarcerated on charges of 
murdering A.F. while the third petition alleged that appellant had been 
convicted of the murder and requested termination on an additional ground based 
on this conviction. . . . We agree with DFPS that these new facts and the 
additional ground for termination based on these facts were sufficient to allow 
DFPS to refile and maintain temporary custody of the children.”); In re 
M.N.G., 147 S.W.3d at 528-529 (affidavit attached to the second termination 
petition differed from prior affidavit only by providing more details of 
mother’s employment and residence and alleging that her rights to three other 
children had been terminated, whereas the prior affidavit alleged that those 
rights were only in the process of being terminated); In re L.J.S., 96 
S.W.3d at 694 (noting that new facts could include facts which “involved a 
continuation of the conduct precipitating the first suit”); but see In re 
Ruiz, 16 S.W.3d at 927 (“To support a subsequent removal, DPRS must rely on 
facts warranting removal which have occurred after the adversary 
hearing”).

[10] Section 263.401 was originally 
enacted in 1997 by three separate, nearly identical bills: Act of May 28, 1997, 
75th Leg., R.S., ch. 600, § 17, 1997 Tex. Gen. Laws 2108, 2112-2114 (this bill 
did not include section 263.402(d), found in the other two bills, and now at 
section 263.403(d)); Act of May 28, 1997, 75th Leg., R.S., ch. 603, § 12, 1997 
Tex. Gen. Laws 2119, 2123-2124 (this bill did not include section 263.404, found 
in chapter 600, and now at section 263.406); and Act of May 31, 1997, 75th Leg., 
R.S., ch. 1022, § 90, 1997 Tex. Gen. Laws 3733, 3768-3770. Subsection (a) 
provided:
 
                
    Unless the court has rendered a final order or granted 
an extension under Subsection (b), on the first Monday after the first 
anniversary of the date the court rendered a temporary order appointing the 
department as temporary managing conservator, the court shall dismiss the suit 
affecting the parent-child relationship filed by the department that requests 
termination of the parent-child relationship or requests that the department be 
named conservator of the child.

[11] Act of May 27, 2007, 80th Leg., 
R.S., ch. 866, §§ 2-5, 2007 Tex. Gen. Laws 1837, 1837-1838. Subsection (a) was 
amended to read:
 
                
    Unless the court has commenced the trial on the merits 
or granted an extension under Subsection (b), on the first Monday after the 
first anniversary of the date the court rendered a temporary order appointing 
the department as temporary managing conservator, the court shall dismiss the 
suit affecting the parent-child relationship filed by the department that 
requests termination of the parent-child relationship or requests that the 
department be named conservator of the child.

[12] As originally enacted in 1997, 
subsection (b) read:
 
                
    On or before the time described by Subsection (a) for 
the dismissal of the suit, the court may extend the court’s jurisdiction of the 
suit for a period stated in the extension order, but not longer than 180 days 
after the time described by Subsection (a), if the court has continuing 
jurisdiction of the suit and the appointment of the department as temporary 
managing conservator is in the best interest of the child. If the court grants 
an extension, the extension order must also:
 
                
    (1) schedule the new date for dismissal of the suit; 
and
 
                
    (2) make further temporary orders for the safety and 
welfare of the child as necessary to avoid further delay in resolving the 
suit.
 
See supra note 7. In 2001, the 
subsection was amended to read:
 
                
    The court may retain the suit on the court’s docket 
for a period not to exceed 180 days after the time described by Subsection (a), 
if the court finds that continuing the appointment of the department as 
temporary managing conservator is in the best interest of the child. If the 
court retains the suit on the court’s docket, the court shall render an order in 
which the court:
 
                
    (1) schedules the new date for dismissal of the suit 
not later than the 180th day after the time described by Subsection 
(a);
 
                
    (2) makes further temporary orders for the safety and 
welfare of the child as necessary to avoid further delay in resolving the suit; 
and
 
                
    (3) sets a final hearing on a date that allows the 
court to render a final order before the required date for dismissal of the suit 
under this subsection.
 
Act of May 22, 2001, 77th Leg., R.S., 
ch. 1090, § 8, 2001 Tex. Gen. Laws 2395, 2396. In 2005, the first 
sentence of the paragraph was amended to read:
 
                
    The court may not retain the suit on the court’s 
docket after the time described by Subsection (a) unless the court finds that 
extraordinary circumstances necessitate the child remaining in the temporary 
managing conservatorship of the department and that continuing the appointment 
of the department as temporary managing conservator is in the best interest of 
the child. If the court makes those findings, the court may retain the suit on 
the court’s docket for a period not to exceed 180 days after the time described 
by Subsection (a).
 
Act of May 29, 2005, 79th Leg., R.S., 
ch. 268, § 1.40, 2005 Tex. Gen. Laws 621, 636. In 2007, the phrase “Unless the 
court has commenced the trial on the merits,” was added to the beginning of the 
first sentence, and subsection (1) and (3) were changed to the current version, 
which now provides:
 
                
    Unless the court has commenced the trial on the 
merits, the court may not retain the suit on the court’s docket after the time 
described by Subsection (a) unless the court finds that extraordinary 
circumstances necessitate the child remaining in the temporary managing 
conservatorship of the department and that continuing the appointment of the 
department as temporary managing conservator is in the best interest of the 
child. If the court makes those findings, the court may retain the suit on the 
court’s docket for a period not to exceed 180 days after the time described by 
Subsection (a). If the court retains the suit on the court’s docket, the court 
shall render an order in which the court:
 
                
    (1) schedules the new date on which the suit will be 
dismissed if the trial on the merits has not commenced, which date must be not 
later than the 180th day after the time described by Subsection (a);
 
                
    (2) makes further temporary orders for the safety and 
welfare of the child as necessary to avoid further delay in resolving the suit; 
and
 
                
    (3) sets the trial on the merits on a date not later 
than the date specified under Subdivision (1).
 
Act of May 27, 2007, 80th Leg., R.S., 
ch. 866, § 2, 2007 Tex. Gen. Laws 1837, 1837-1838. 

[13] See supra note 
12.

[14] See supra note 
12.

[15] Newco Drilling Co. v. Weyand, 
960 S.W.2d 654, 656 (Tex. 1998) (per curiam) (“[T]he trial court’s dismissal of 
the plaintiffs’ case for want of prosecution following the rendition of the 
partial summary judgment resulted in a dismissal with prejudice of those issues 
already adjudicated in the partial summary judgment and a dismissal without 
prejudice of those issues not covered in the partial summary judgment.”); 
Gracey v. West, 422 S.W.2d 913, 917 (Tex. 1968) (“The judgment of 
dismissal of the cause for want of prosecution is not a judgment on the merits 
of the cause.”).

[16] Mossler v. Shields, 818 
S.W.2d 752, 754 (Tex. 1991) (per curiam) (“[I]t is well established that a 
dismissal with prejudice functions as a final determination on the merits.”); 
accord Ritchey v. Vasquez, 986 S.W.2d 611, 612 (Tex. 1999) (per 
curiam).

[17] Crofts v. Court of Civil Appeals 
for Eighth Supreme Judicial Dist., 362 S.W.2d 101, 104 (Tex. 1962) (“It is 
elementary that a dismissal is in no way an adjudication of the rights of 
parties; it merely places the parties in the position that they were in before 
the court’s jurisdiction was invoked just as if the suit had never been brought. 
“).

[18] See, e.g., Tex. Civ. Prac. & Rem. Code § 
74.351(b)(2) (“If, as to a defendant physician or health care provider, an 
expert report has not been served within the period specified . . . , the court 
. . . shall . . . enter an order that . . . dismisses the claim . . . with 
prejudice . . . .”); Villafani v. Trejo, 251 S.W.3d 466, 468 (Tex. 2008) 
(“If the plaintiff fails to provide an adequate expert report or to voluntarily 
nonsuit the claim, the statute allows a defendant to move for sanctions against 
the plaintiff, including: . . . (3) dismissal of the case with prejudice.”); 
Tex. R. Civ. P. 13 (providing 
that a court may sanction pleading abuse with any appropriate sanction permitted 
by Rule 215); Tex. R. Civ. P. 
215.2(b) (providing that a court may sanction certain discovery abuse by 
dismissing the action with prejudice).

[19] TransAmerican Natural Gas Corp. 
v. Powell, 811 S.W.2d 913, 918 (Tex. 1991) (quoting Societe 
Internationale v. Rogers, 357 U.S. 197, 209-10 (1958)).

[20] Tex. Fam. Code § 
153.002.

[21] See Rizk v. Mayad, 603 
S.W.2d 773, 775 (Tex. 1980) (“[A] litigant may refile an action that has been 
dismissed for want of prosecution, since the merits of such an action remain 
undecided.”).

[22] In re Ruiz, 16 S.W.3d 921, 
927 (Tex. App.–Waco 2000, orig. proceeding).

[23] See Tex. R. Civ. P. 13 (“Attorneys or 
parties who shall . . . make statements in pleading which they know to be 
groundless and false, for the purpose of securing a delay of the trial of the 
cause, shall be held guilty of a contempt. If a pleading, motion or other paper 
is signed in violation of this rule, the court, upon motion or upon its own 
initiative, after notice and hearing, shall impose an appropriate sanction 
available under Rule 215, upon the person who signed it, a represented party, or 
both.”); Tex. Civ. Prac. & Rem. Code 
§ 10.001 (“The signing of a pleading or motion as required by the Texas 
Rules of Civil Procedure constitutes a certificate by the signatory that to the 
signatory's best knowledge, information, and belief, formed after reasonable 
inquiry: (1) the pleading or motion is not being presented for any improper 
purpose, including to harass or to cause unnecessary delay or needless increase 
in the cost of litigation . . . .”); id. § 10.004(a) (“A court that 
determines that a person has signed a pleading or motion in violation of Section 
10.001 may impose a sanction on the person, a party represented by the person, 
or both.”).

[24] Ante at ___.

[25] Tex. Gov’t Code § 311.021 (“In enacting 
a statute, it is presumed that: . . . (3) a just and reasonable result is 
intended; . . . and (5) public interest is favored over any private 
interest.”).

[26] Id. § 311.023 (“In construing 
a statute, whether or not the statute is considered ambiguous on its face, a 
court may consider among other matters the: . . . (5) consequences of a 
particular construction . . . .”).

[27] Ante at ___ (emphasis in 
original).

[28] It may be, of course, that the 
situation has changed in the two-and-one-half years since the case 
began.

[29] Tex. Fam. Code § 263.405(b) (requiring 
that a motion for new trial be filed within 15 days of the date a final order is 
signed).

[30] Id. § 263.405(d) (requiring a 
hearing within 30 days of the date a final order is signed).

[31] E.g. In re Lynd Co., 
195 S.W.3d 682, 686 (Tex. 2006) (holding that absent a trial court’s express 
finding that a party received late notice of the judgment, a finding should be 
implied by the court’s granting of a motion for new trial); Sixth RMA 
Partners, L.P. v. Sibley, 111 S.W.3d 46, 52 (Tex. 2003) (“When neither party 
requests findings of fact and conclusions of law, it is implied that the trial 
court made all fact findings necessary to support its judgment.”); BMC 
Software Belgium, N.V. v. Marchand, 83 S.W.3d 789, 795 (Tex. 2002) (“When a 
trial court does not issue findings of fact and conclusions of law with its 
special appearance ruling, all facts necessary to support the judgment and 
supported by the evidence are implied.”); Worford v. Stamper, 801 S.W.2d 
108, 109 (Tex. 1990) (per curiam) (holding that findings should be implied in 
favor of an order modifying child support).

[32] The version of section 263.401(c) 
applicable to this case provided:
 
                
    If the court grants an extension but does not render a 
final order or dismiss the suit on or before the required date for dismissal 
under Subsection (b), the court shall dismiss the suit. The court may not grant 
an additional extension that extends the suit beyond the required date for 
dismissal under Subsection (b).
 
Act of May 22, 2001, 77th Leg., R.S., 
ch. 1090, § 8, 2001 Tex. Gen. Laws 2395, 2396.

[33] The version of § 263.402(b) 
applicable in this case provided:
 
A party to a suit under this chapter 
who fails to make a timely motion to dismiss the suit or to make a motion 
requesting the court to render a final order before the deadline for dismissal 
under this subchapter waives the right to object to the court’s failure to 
dismiss the suit. A motion to dismiss under this subsection is timely if the 
motion is made before the department has introduced all of the department’s 
evidence, other than rebuttal evidence, at the trial on the merits.
 
Act of May 22, 2001, 77th Leg., R.S., 
ch. 1090, § 9, 2001 Tex. Gen. Laws 2395, 2396-2398. I agree with the Court that 
the deadlines in section 263.401 are not jurisdictional. The fact that they can 
be waived under section 263.402(b) seems to prove that.

[34] Ante at ___.

[35] Ante at ___ (“At oral 
argument, counsel for K.W. stated his opinion that the Department could refile 
the case and expected it to do so. Counsel for the Department did not dispute 
that argument.”).